Matter of Sawkins (2025 NY Slip Op 03436)

Matter of Sawkins

2025 NY Slip Op 03436

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

265 CA 24-00555

[*1]LINDA F. SAWKINS, DECEASED. DANIEL SAWKINS, JR., CHARLES SAWKINS, KRISTINE L. CLARKE AND KIM MACKEY, PETITIONERS-RESPONDENTS; DANIELLE SAWKINS, RESPONDENT-APPELLANT. 

YANG-PATYI LAW FIRM, PLLC, SYRACUSE (JOSEPHINE YANG-PATYI OF COUNSEL), FOR RESPONDENT-APPELLANT.
MELVIN & MELVIN, PLLC, SYRACUSE (MICHAEL R. VACCARO OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

 Appeal from an order of the Surrogate's Court, Oswego County (Spencer J. Ludington, S.), entered March 19, 2024. The order, among other things, granted the petition insofar as it sought to compel respondent to account for her tenure as decedent's power of attorney. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this proceeding seeking an order pursuant to General Obligations Law § 5-1510 (2) and (3) directing respondent, their sister, to "produce all records, documents, statements and receipts" relating to transactions and disbursements that respondent made while acting as agent for the parties' mother (decedent) under a durable power of attorney. Respondent filed objections to the petition in which she asserted that, to the extent that petitioners sought an accounting of her tenure as decedent's agent under the power of attorney, such relief is authorized only under subdivision (1) of section 5-1510, not subdivisions (2) and (3), and petitioners lack standing to seek such relief under subdivision (1). Surrogate's Court granted the petition in part and ordered respondent to "file an accounting" of her tenure as decedent's agent. We now affirm.
Powers of attorney are governed by title 15 of the General Obligations Law, which defines a "principal" as a person 18 years of age or older who executes a power of attorney authorizing another person, i.e., an "agent," "to act as attorney-in-fact for the principal" (General Obligations Law § 5-1501 [2] [a], [k]). Section 5-1505 (2) (a) provides that "[a]n agent acting under a power of attorney has a fiduciary relationship with the principal." In fulfilling those fiduciary duties, the agent must, among other things, "keep a record of all receipts, disbursements, and transactions entered into by the agent on behalf of the principal" (§ 5-1505 [2] [a] [3]).
Respondent contends that petitioners lack standing to seek an accounting with respect to respondent's tenure as decedent's power of attorney and that they are not entitled to a copy of the record that respondent was required to keep pursuant to General Obligations Law § 1505 (2) (a) (3). In so contending, respondent notes that section 5-1505 (2) (a) (3) identifies the people who may request from the agent "a record of all receipts, disbursements, and transactions entered into by the agent on behalf of the principal." Section 5-1510 (1) provides that, if an agent has failed to provide a record of receipts, transactions and disbursements "to a person who may request such record" under section 5-1505 (2) (a) (3), then the person who is entitled to the record "may commence a special proceeding to compel the agent to produce a copy of the power of attorney and such record." As respondent correctly contends, a principal's child is not one of the persons [*2]identified in section 5-1505 (2) (a) (3) who may request the agent's record.
Here, however, petitioners seek to compel an accounting pursuant to General Obligations Law § 5-1510 (2) and (3). Section 5-1510 (3) provides that a child of the principal, among other people, may commence a special proceeding under subdivision (2) of that section "to approve the record of all receipts, disbursements and transactions entered into by the agent on behalf of the principal" (§ 5-1510 [2] [e]). The statute thereby contemplates judicial approval of the agent's record and, of course, the court in which the special proceeding is commenced cannot determine whether the record should be approved unless and until the agent produces a copy of the record.
By ordering respondent here to "file an accounting," the Surrogate simply directed her to produce the record she was required to maintain under section 5-1505 (2) (a) (3) with respect to the financial transactions and disbursements she made on her mother's behalf as power of attorney. Because petitioners have standing to commence a special proceeding to approve the record under section 5-1510 (2) and (3), we conclude that, contrary to respondent's contention, the Surrogate properly refused to dismiss the petition, on standing grounds, insofar as it sought an accounting of respondent's tenure as decedent's agent under the power of attorney (see generally Matter of Jewish Home of Rochester v Dworkin, 151 AD3d 1934, 1934-1935 [4th Dept 2017]; Matter of Boncyk v Williams, 119 AD3d 1124, 1125 [3d Dept 2014]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court